NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAWN MICHELLE ACUNA, | No.   22-16575 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00360-DJH |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted October 16, 2023[**]
Phoenix, Arizona

Before:  IKUTA, BADE, and BRESS, Circuit Judges.

Fawn Acuna appeals from a district court decision affirming the Commissioner of Social Security's denial of her application for Social Security disability benefits.  "We 'review the district court's order affirming the ALJ's denial

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence.'" *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The ALJ did not err in assigning less weight to the opinions of Acuna's treating physicians. Because Acuna applied for benefits before March 27, 2017, the ALJ was required to evaluate the medical opinion evidence under 20 C.F.R. § 404.1527.[1] Under those regulations, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Substantial evidence supports the ALJ's specific and legitimate reasons for determining that Acuna's limitations were less severe than Dr. Robinson and Dr. Teff indicated.

The ALJ concluded that Dr. Robinson's check-box assessment was entitled to little weight because of its conclusory nature and because Dr. Robinson's sparse treatment notes did not provide a sufficient explanation for his assessment.

---

[1] New regulations govern claims filed after March 27, 2017, but they do not apply here. *See* 20 C.F.R. § 416.920c; *Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022).

2

Substantial evidence supports that determination, as an "ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citation omitted).

The ALJ also provided specific and legitimate reasons supported by substantial evidence for discounting Dr. Teff's opinion. As the ALJ explained, Dr. Teff's opinion that Acuna had "extreme limitations" was inconsistent with his own exam notes and with other evidence in the record documenting Acuna's "normal motor strength, sensation, and reflexes." Inconsistencies in the medical record provide a valid basis for discounting a medical provider's opinion. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Here, we conclude that the ALJ reasonably weighed the medical evidence. *Tommasetti*, 533 F.3d at 1041 ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." (citation omitted)).

2. For substantially similar reasons, the ALJ did not err in assigning little weight to the opinion of Acuna's psychologist, Dr. Geary. The ALJ explained that Dr. Geary's assessment of Acuna's "marked or extreme" social limitations was inconsistent with evidence concerning Acuna's demeanor, living situation, and positive interactions with friends and family. The ALJ also found that Dr. Geary's opinion about Acuna's concentration was "internally inconsistent" with his testing

3

results. As previously noted, these types of inconsistencies qualify as specific and legitimate reasons for rejecting a physician's opinion. *See Ford*, 950 F.3d at 1154. Dr. Geary's vague descriptions of Acuna's limitations provided another appropriate reason for affording less weight to his opinion. *See id.* at 1156 (affirming an ALJ's discounting of an examining physician's assessment using the generic descriptions of "fair" and "limited").

3. The ALJ gave "specific, clear and convincing reasons" for discounting Acuna's testimony about the severity of her symptoms. *Smith v. Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)). We reject Acuna's argument that the ALJ "cherry-pick[ed]" evidence to discount her pain, migraines, and psychiatric conditions. The ALJ credited certain aspects of Acuna's testimony, but identified other portions of the testimony that were inconsistent with Acuna's exam records and treatment history. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022).

In addition, the ALJ appropriately considered Acuna's condition and treatment history during the entire period at issue. The ALJ's findings that Acuna's symptoms improved with treatment provided substantial evidence for discounting Acuna's testimony. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017)

4

("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." (citations omitted)).

Finally, the ALJ's findings with respect to Acuna's mental and social disabilities are also supported by substantial evidence. Contrary to Acuna's assertions, the ALJ did not penalize her for being hospitalized only once. Rather, the ALJ appropriately described Acuna's hospitalization history in considering whether her treatment matched the severity of her self-reported symptoms. The ALJ's findings that Acuna's alleged mental and social limitations were inconsistent with her attempts to find work and complete a bachelor's degree were also supported by substantial evidence. *See Smartt*, 53 F.4th at 499–500.

**AFFIRMED.**